UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINY MASSEY,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.<br><br>Defendants. | No.  2:16-cv-2909  MCE GGH<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. §1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. This action will be dismissed as frivolous.

On November 11, 2016 Plaintiff filed a virtually, if not actually, identical complaint. See Massey v. Sacramento County Department of Children and Family Services, 12-cv-2603 JAM GGH, ECF No. 1. On November 15, 2016, 2016 this court issued Findings and Recommendations that recommended the matter be dismissed with prejudice for lack of jurisdiction to address it on two alternate grounds: (1) the matter underlying the Complaint involved an ongoing family law matter pending in a state court; or (2) if the action in (1) was resolved unfavorably to plaintiff in this matter her complaint actually amounts to an appeal of that state court decision and is barred by the Rooker Feldman doctrine. Id., ECF 4 at 5:1-4. On January 6, 2017 the District Court Judge assigned to this case adopted this court's findings and recommendations and order the Complaint dismissed with prejudice. Id. ECF 5. Judgement was entered against plaintiff o the same date. Id. ECF 6.[1] This action creates a bar to the present action under the doctrine of *res judicata*.

### DISCUSSION

As the United States Supreme Court has held:

> Res judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59L.Ed.2d 210 (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); 1B J. Moore, Federal Practice ¶ 0.405[1] (2d ed. 1974). Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.

Brown v. Felsen, 442 U.S. 127, 131 (1979). This doctrine squarely applies in the instant matter.

---

[1] The court notes that at the time the District Court Judge entered his Order no objections had been received from the plaintiff. Such objections would have been due, according to the terms of the Findings and Recommendation, on November 29, 2016. Thus this new Complaint cannot be construed as "Objections."

1  Plaintiff's initial complaint addressed the removal of her children from her and their placement
2  outside her home in a pre-adoption mode.  The pending complaint addresses exactly the same
3  issues in nearly the exact same language.
4       The doctrine also applies to disallow follow-on pleadings on the same facts and issues, as
5  exist in the instant case, even if the basis for the District Court's Order in the initial Complaint
6  resulted in an erroneous judgment.  The only reason that *res judicata* would be inapplicable
7  would be if the court did not have jurisdiction to decide it.  <u>City of Arlington, Tex. V. F.C.C.</u>, ___
8  U.S. ___, 133 S.Ct. 1863, 1868-1869 (2013).  Jurisdiction of the District Court is not at issue in
9  this case, thus *res judicata* applies.

10  CONCLUSION

11       In accordance with the above, IT IS HEREBY ORDERED that: Plaintiff's request for
12  leave to proceed in forma pauperis is granted.
13       IT IS ALSO HEREBY RECOMMENDED that:
14       1.     The action be dismissed with prejudice, and
15       2.     The case be closed.
16       3.     Plaintiff is advised that further frivolous findings may result in a vexatious litigant
17  order.
18       These findings and recommendations are submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
20  days after being served with these findings and recommendations, plaintiff may file written
21  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
22  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
23  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
24  F.2d 1153 (9th Cir. 1991).
25  Dated: January 25, 2017

26                                     <u>/s/ Gregory G. Hollows</u>
                              UNITED STATES MAGISTRATE JUDGE
27
28